IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL M. FILIPEK,<br>      Plaintiff, | ) <br> ) <br> ) | |
| vs. | ) | Case No. 16 C 2902 |
| OAKTON COMMUNITY COLLEGE,<br>      Defendant. | ) <br> ) <br> ) | |
| DONALD A. KRZYZAK,<br>      Plaintiff, | ) <br> ) <br> ) | |
| vs. | ) | Case No. 16 C 3215 |
| OAKTON COMMUNITY COLLEGE,<br>      Defendant. | ) <br> ) <br> ) | |
| BARRY H. DAYTON, individually and<br>on behalf of others similarly situated,<br>      Plaintiff, | ) <br> ) <br> ) | |
| vs. | ) | Case No. 16 C 3215 |
| OAKTON COMMUNITY COLLEGE, et al.<br>      Defendants | ) <br> ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    In separate cases, Daniel Filipek and Donald Krzyzak have sued Oakton Community College, alleging that OCC violated the Age Discrimination in Employment Act by instituting a policy not to employ as part-time faculty anyone who is an annuitant of the State University Retirement System. Barry Dayton has filed a similar suit on behalf of a class of similarly situated persons, and about eighteen others have opted

into Dayton's case. All three cases have been consolidated. OCC has moved to stay the proceedings in the three cases pending the determination of an unfair labor practice charge brought by the Oakton Community College Adjunct Faculty Association, a labor union, before the Illinois Educational Labor Relations Board, a state administrative agency. OCC relies on *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Colorado River*, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River*, 424 U.S. at 813, and it may be invoked only in those "exceptional circumstances" in which abstention "would clearly serve an important countervailing interest." *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 360 (7th Cir. 1996) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959)). A court conducts a two-part inquiry to determine if abstention is appropriate under *Colorado River*. First, the court determines whether the state and federal suits are parallel. If they are, the court then considers several factors to determine if there are exceptional circumstances that justify abstention. *Tyrer v. City of S. Beloit*, 456 F.3d 744, 751 (7th Cir. 2006).

OCC's request for abstention founders on the first step of this analysis; this case and the unfair labor practice proceeding are not parallel. For actions to be parallel, formal symmetry is not required; "a suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.* at 752. To determine whether two suits are parallel, a district court "should examine whether the suits involve the same parties, arise out of the same facts, and raise similar factual and legal issues." *Id.* The union represents some, though not all, of the plaintiffs

2

and potential plaintiffs in the ADEA cases, and the labor board proceeding and these cases arise out of the same general factual scenario. But they do not present the same or even similar legal issues. The central issue in this case is whether OCC's policy amounts to discrimination based on age. The central issue in the proceeding before the state labor board is whether OCC bargained in good faith when it changed its policy. These issues are not even close to being similar. In addition, as plaintiffs correctly point out, a favorable ruling by the labor board likely would amount to an order to bargain in good faith; it would not necessarily result in relief for the aggrieved faculty members. And one way or another, the present case would have to proceed irrespective of the state labor board's ruling, because the plaintiffs in the ADEA cases are entitled to have their federal statutory rights adjudicated, a task that the state labor board cannot and will not undertake. For these reasons, assuming for the sake of argument that *Colorado River* abstention applies where the purportedly parallel proceeding is before a state administrative agency and not a court, abstention is inappropriate in this case.

Under *Younger*, absent extraordinary circumstances, a federal court should not interfere with a pending state criminal proceeding. *Younger*, 401 U.S. at 53-54. The *Younger* doctrine has also been applied when the parallel proceeding is a state administrative proceeding. *See AFSCME v. Tristano*, 898 F.3d 1302, 1303 (7th Cir. 1990). Abstention is appropriate, absent extraordinary circumstances, if there is an ongoing state proceeding that is judicial in nature, implicates important state interests, and offers an adequate opportunity for review of the federal plaintiff's federal claims. *See, e.g., Forty One News, Inc. v. Cty. of Lake*, 491 F.3d 662, 665-66 (7th Cir. 2007). The labor board proceeding is a quasi-judicial proceeding, and it is fair to assume that it

3

implicates an important state interest. But it does not offer *any* opportunity for review of the plaintiffs' age discrimination claims; OCC does not even suggest otherwise. Thus *Younger* abstention is inappropriate. The Court also notes that more generally, OCC has not shown that litigation of this case will interfere in any way with the state labor board proceeding. It is conceivable that some persons may end up testifying twice—assuming the state labor board holds an evidentiary hearing—but that hardly amounts to interference.

For these reasons, the Court denies defendant's motion to stay (dkt. no. 28).

Date: December 6, 2016

_____
MATTHEW F. KENNELLY
United States District Judge